UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**NORMAN M. HAMMER, ET AL.**          *CIVIL ACTION NO. 6:16-1048

**VERSUS**                             *JUDGE DOHERTY

**PHI, INC., ET AL.**                  *MAGISTRATE JUDGE HANNA

<u>REPORT AND RECOMMENDATION</u>

Pending before the undersigned for report and recommendation is the Rule 12(b)(6) Motion for Partial Dismissal filed by PHI, Inc. ("PHI").  [rec. doc. 6]. Plaintiffs, Norman M. Hammer, David A. Loupe, Norris L. Webb and Carol Guidry Webb  (collectively "the plaintiffs"), have filed Opposition, to which PHI filed a Reply. [rec. docs. 26 and 36].  By this Motion, PHI  seeks dismissal of the plaintiff's claim for negligent spoliation of evidence on grounds that there is no cause of action for negligent spoliation of evidence under Louisiana law.

For those reasons set out below, it is recommended that the Motion be **granted** and, accordingly, that the plaintiffs' claim for negligent spoliation of evidence be **dismissed with prejudice** pursuant to  Rule 12(b)(6), FRCP, for failure to state a claim upon which relief may be granted.

## BACKGROUND

The instant lawsuit was filed by Norman M. Hammer, David A. Loupe, Norris L. Webb and Carol Guidry Webb in a local state Court.  The case was removed to this

court alleging federal jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331-1356, amongst other statutes. [rec. doc. 1-1].

On June 8, 2015, Norman M. Hammer, David A. Loupe, Norris L. Webb were passengers in a Bell 407 helicopter, owned and operated by PHI, which was flying inbound from a fixed platform located in the Gulf of Mexico, offshore of Vermillion Parish, Louisiana. [rec. doc. 1-3, ¶ II]. They allege that the helicopter began to shake and spin violently, the pilot, Andrew Ford, lost control and the helicopter violently crashed into the marsh near Fresh Water City in Vermilion Parish, Louisiana. As a result, they claim to have suffered personal injuries. [*Id*. at ¶ IX]. Plaintiffs allege that after the crash, counsel for David A. Loupe sent PHI a litigation hold letter advising PHI not to alter, destroy or dispose of the helicopter, or any of its component parts. [*Id*. at ¶ XII]. That letter was allegedly received by PHI by facsimile on June 17, 2015 and by certified mail on June 24, 2015. [*Id*. at ¶ XIII]. Plaintiffs allege that PHI ignored the litigation hold letter and "negligently, grossly negligently, recklessly and/or intentionally destroyed or 'lost' crucial evidence" when it performed a damage assessment on the helicopter on June 28, 2015. [*Id*. at ¶ XIV]. More specifically, they allege that a small hole in the aft bulkhead fairing was found, contiguous to the aft baggage compartment, as well as a brass-threaded stud inside the aft baggage compartment, identified as a tail rotor tip weight, and that PHI removed the stud from

2

the baggage compartment and the destroyed or lost it "in a manner that was grossly negligent, reckless and/or intentional." [*Id*. at ¶ XIV]. This resulted in the stud not being available for examination or testing in connection with the investigation to determine the cause of the crash. [*Id*. at ¶ XIV]. Plaintiffs allege that PHI, "breached its duty to put in place a 'litigation hold' to ensure the preservation of all relevant evidence" and that this failure to preserve proximately caused damages to the plaintiffs because "PHI has, with scienter impeded plaintiffs' ability to present their claims." [*Id*. at ¶ XV and XVI]. Plaintiffs therefore allege that PHI is "answerable under the tort of Spoliation of Evidence." [*Id*. at ¶ XVI]. They additionally seek application of an adverse presumption jury instruction that the destroyed or lost evidence would have been unfavorable to PHI. [*Id*. at ¶ XVI].

### Rule 12(b)(6) Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6)

motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162 *quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 *quoting Iqbal*, 129 S.Ct. at 1949. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Coleman v. Sweetin*, 745 F.3d 756 , 763 (5th Cir. 2014) *citing Iqbal*, 129 S.Ct. at 1949 and *Twombly,* 550 U.S. at

557. However, a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 763-764 *quoting Iqbal*, 556 U.S. at 678 *quoting Twombly*, 550 U.S. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Thus, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009). If a plaintiff fails to allege facts sufficient to "nudge[] his claims across the line from conceivable to plausible, his complaint must be dismissed." *Twombley,* 127 S.Ct. at 1974; *Malik v. Continental Airlines, Inc.*, 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## LAW AND ANALYSIS

Under OCSLA, the civil laws of the adjacent state are adopted as surrogate federal law. 43 U.S.C. § 1333(a)(2)(A). The fixed platform from which the helicopter flight at issue originated was located on the outer continental shelf in the Gulf of Mexico, offshore of Vermillion Parish, Louisiana, and the flight ended near Fresh Water City in Vermilion Parish, Louisiana. Thus, Louisiana state law applies.

In *Reynolds v. Bordelon*, 172 So.3d 589, 592 (La. 2015) the Louisiana Supreme Court held that no cause of action exists for negligent spoliation of evidence under Louisiana law. In so doing the Court articulated "[r]egardless of any alleged source of the duty, whether general or specific, public policy in our state precludes the existence of a duty to preserve evidence. " Thus, the Court held "there is no tort."

Plaintiffs do not dispute the holding of *Reynolds*. Rather, they argue that they have stated a cause of action for intentional spoliation of evidence and that they are entitled to an adverse presumption at trial. By Reply, PHI acknowledges that this Motion challenges only the plaintiffs' claim for negligent spoliation of evidence. Moreover, by this Motion, PHI does not challenge the plaintiffs' potential entitlement to an adverse evidentiary presumption at trial. Therefore, whether the plaintiffs have adequately pled a cause of action for intentional spoliation of evidence or whether the plaintiffs may be entitled to an adverse presumption at trial are not before the Court at this time, and the Court expresses no opinion on these issues.

Accordingly, in light of *Reynolds*, the plaintiffs have failed to state a legally cognizable claim for negligent spoliation of evidence, and the instant Motion for Partial Dismissal of plaintiffs' negligent spoliation of evidence claim should be therefore be granted. *Ramming*, 281 F.3d at 161.

## **CONCLUSION**

Based on the foregoing, it is recommended that the Motion for Partial Dismissal

filed by PHI, Inc. [rec. doc. 6] be **granted** and, accordingly, that the plaintiffs' claim for negligent spoliation of evidence be **dismissed with prejudice** pursuant to Rule 12(b)(6), FRCP, for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 27th day of September, 2016, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE