UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NORMAN M. HAMMER, DAVID A. LOUPE, NORRIS L. WEBB and CAROL GUIDRY WEBB | : CIVIL ACTION NO.: 6:16-cv-01048 |
| VERSUS | : JUDGE: REBECCA F. DOHERTY |
| PHI, INC., BELL HELICOPTER TEXTRON, INC. and ANDREW FORD | : MAGISTRATE JUDGE: PATRICK J. HANNA |

# AMENDING AND SUPPLEMENTAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Complainants, **NORMAN M. HAMMER**, **DAVID A. LOUPE**, **NORRIS L. WEBB,** and **CAROL GUIDRY WEBB** who, in accordance with this Court's Order dated September 27th, 2016 (Rec. Doc. 43, Case No. 6:16-cv-01048)[1] amend and supplement paragraph VI and VII of their initial complaint (Rec. Doc. 1-3), as follows.

By adding Paragraph:

VI(a).

Prior to the helicopter crash giving rise to this suit, BELL had received numerous reports that tail rotor blade tip weights in BELL Model 407 helicopters (and others) were failing during flights, being slung from the rotor blades, and causing significant vibrations during flights. Bell had knowledge from actual incident reports that these failures were occurring at various times during flight, and were leading to losses of control in BELL Model 407 helicopters, such as the one involved in the crash giving rise to this case.

1 "The plaintiffs are granted leave to amend their Complaint. An Amended Complaint shall be filed within thirty (30) days."

By adding Paragraph:

VI(b).

Prior to the helicopter crash giving rise to this suit, BELL had determined that the tail rotor blades and tip weights on the BELL Model 407 helicopters, including the one involved in this crash, were defectively designed in that the tip weights, and subsequently the tail rotor blades, could separate from the tail rotor assembly during flight. BELL determined that this was a design defect, which created an unsafe and unreasonably dangerous condition, and which could result in a loss of control of the helicopters. BELL determined that the affected tail rotor blade and tip weight assemblies on the BELL Model 407 helicopters, including the ones involved in this crash, were not airworthy.

By adding Paragraph:

VI(c).

The preliminary report regarding this crash, issued by the National Transportation Safety Board (NTSB) on March 8, 2016, found that a tip weight separated from the tail rotor assembly causing the helicopter to shake violently, and the pilot to lose control. The tip weight shot through the helicopter, and was found in the aft baggage compartment.

By adding Paragraph:

VI(d).

Prior to the crash, Bell notified PHI that the tail rotor assemblies and tip weights on Bell's 407 Helicopter being operated by PHI were not airworthy, and could fail during flight causing a loss of control of the helicopter.

By adding Paragraph:

VI(e).

Approximately three weeks prior to this crash, on May 13th and May 15th of 2015, PHI attempted to repair the tail rotor assembly defect on the BELL Model 407 helicopter that crashed into the marsh on June 8th, 2015. PHI failed to correct the known defect in the helicopter's tail rotor blade and tip weight assembly. Due to shoddy and inadequate maintenance, and despite actual knowledge of the defective parts, the tail rotor assembly and tip weights failed during the subject flight, and caused the crash that seriously injured Complainants.

By amending Paragraph:

VII.

Complainants re-aver all allegations in paragraph VII of their initial complaint as if copied herein, *in extenso*, except to amend VII(f) to read as follows:

(f) Failure to operate the helicopter in a reasonably safe manner.

And by adding Paragraph:

XIX.

Considering the amending and supplemental paragraphs made and added to Paragraphs VI and VII of their original complaint (a copy of which is attached hereto), Complainants re-aver all other allegations and prayers for relief in their original complaint as if copied herein *in extenso.*

WHEREFORE, Complainants, **NORMAN M. HAMMER**, **DAVID A. LOUPE**, **NORRIS L. WEBB,** and **CAROL GUIDRY WEBB,** respectfully pray that this Honorable Court accept their Amended and Superseding Complaint, and grant them all relief to which they are entitled under equity and law against Defendants PHI, Inc., BELL HELICOPTER

TEXTRON, Inc., and ANDREW FORD, including a trial by Jury.

Respectfully submitted:

**THE TOCE FIRM, APLC**
__*/s/ André F. Toce*______________
**ANDRÉ F. TOCE,** Bar No. 16769
969 Coolidge Boulevard
Lafayette, LA 70503
Telephone: (337) 233-6818
Facsimile: (866) 306-9336
**Attorney for NORRIS WEBB**
**and CAROL GUIDRY WEBB**

**THE GLENN ARMENTOR LAW CORPORATION**
___*/s/ W. Corey Grimley*_____________
**W. COREY GRIMLEY**, Bar No. 27487
**GLENN J. ARMENTOR,** Bar No. 2541
300 Stewart Street
Lafayette, Louisiana 70501
Tel. (337) 233-1471 Fax (337) 233-5655
**Attorneys for NORMAN M. HAMMER**

**J. MINOS SIMON, LTD.**
___*/s/ J. Quentin Simon*___________
**J. QUENTIN SIMON**, Bar No. 25502
1408 West Pinhook Road – Suite A
Post Office Box 52851
Lafayette, Louisiana 70505
Telephone: (337) 235-3200
Facsimile: (337) 235-3600
**Attorneys for DAVID A. LOUPE**

**CERTIFICATE**

**I HEREBY CERTIFY** that the Amending and Supplemental Complaint has been this day presented to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all counsel of record.

**SIGNED** at Lafayette, Louisiana, this 20th day of October, 2016.

____*/s/ André F. Toce*____
**ANDRÉ F. TOCE**