# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**NORMAN M HAMMER ET AL**      **CASE NO. 6:16-CV-01048**

**VERSUS**                     **MAGISTRATE JUDGE HANNA**

**P H I INC ET AL**

## MEMORANDUM ORDER

Before the Court is the Motion to Quash filed on behalf of Allianz Global Risks US Insurance Company. (Rec. Doc. 151). For the following reasons, the Court denies the Motion.

## Factual Background

Plaintiffs filed this suit following a helicopter crash in June 2015, against PHI Inc., Bell Helicopter Textron, Inc., Andrew Ford, Aeronautical Rotor Blades, Inc. and Allianz Global Risks US Insurance Company (PHI's insurer). (Rec. Doc. 1-3, at 2; 50; 81; 117; 122). Zurich filed a Petition in Intervention to recover its workers compensation benefits paid to or on behalf of Plaintiffs. (Rec. Doc. 1-3, at 20).

Plaintiffs served a subpoena for documents upon Allianz pursuant to F.R.C.P. Rule 45 seeking a certified copy of Allianz's Aviation Liability and Physical Damage Aircraft Policy issued to PHI. (Rec. Doc. 151-1). Allianz filed the instant Motion to Quash on the grounds that 1) a Rule 45 subpoena is improper means to obtain documents from a party; 2) the subpoena requires disclosure of a trade secret

or other confidential information (namely, Allianz's insurance policy); and 3) that Allianz has already provided the applicable declarations page, and any further information is irrelevant. (Rec. Doc. 151).

## **Law and Analysis**

The Court finds that Allianz's Motion to Quash should be denied based on F.R.C.P. Rule 26(a)(1). Rule 26 requires the parties to exchange initial disclosures as follows:

> Except as exempted by Rule 26(a)(1)(B) [none of which are applicable here] or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

In the case of a newly added party, such as Allianz, the new party is required to make initial disclosures within thirty (30) days after being served or joined. F.R.C.P. Rule 26(a)(1)(D). Thus, Allianz was required to provide a copy of its policy in its initial disclosures, regardless of Plaintiffs' subpoena or discovery requests. The plain language of Rule 26 does not limit the scope of the required production of "any insurance agreement." Allianz may address its concerns regarding the nature of its policy as confidential and proprietary with an appropriate protective order. See e.g. *Capozzi v. Atwood Oceanics, Inc.,* No. CIV.A. 08-776, 2009 WL 3055321, at *2 (W.D. La. Sept. 20, 2009) (holding the defendant was required to produce the

entirety of its insurance policy pursuant to Rule 26(a)(1), subject to redaction of confidential/proprietary information if necessary).

## **Conclusion**

For the reasons discussed herein, Allianz's Motion to Quash is denied.

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of August, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE